**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MICHAEL NADEAU, <br> WAYNE GAGNE, <br> PATRICK FARRELL, <br> and all other similarly <br> situated | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) | **CASE NO.: 1:26-cv-00923-RDM** |
| vs. | ) <br> ) <br> ) | |
| DANAHER CORPORATION, <br> PALL CORPORATION, <br> BECKMAN COULTER, INC., <br> GLOBAL LIFE SCIENCES <br> SOLUTIONS USA LLC d/b/a CYTIVA, and <br> AB SCIEX LLC d/b/a SCIEX | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) <br> ) <br> ) <br> ) | |

**DEFENDANTS' MEMORANDUM OF POINTS**
**AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO EXTEND THE DEADLINE FOR CLASS CERTIFICATION**

The Court should deny Plaintiffs' last-minute request to waive their deadline to move for class certification under the local rules because Plaintiffs have failed to establish good cause to justify their request.

After the close of business on the day that their motion for class certification was due under Local Rule 23.1(b), Plaintiffs moved the Court for an order to extend their time to file their motion—vaguely to the "close of discovery" in accordance with a "scheduling order" that has yet to issue.  *See* Dkt. 21-1 at 4.  Plaintiffs attempt to justify this eleventh-hour request by pointing to: (i) the "burden imposed on [all] class proponents" to affirmatively demonstrate their compliance with Fed. R. Civ. P. 23; and (ii) the Amended Complaint that Plaintiffs filed just three days before their deadline expired—and after Defendants put Plaintiffs' counsel on notice of their deadline.  *See id.* at 2-3.  Neither of these reasons, however, constitutes good cause under Fed. R. Civ. P. 6(b)(1) to justify Plaintiffs' attempt to avoid their mandatory class certification deadline.  Thus, Plaintiffs' motion should be denied.[1]

## **BACKGROUND**

On February 19, 2026, the same attorneys who represent Plaintiffs here filed another putative class action in this District against many of the same Defendants: *Warren, et al. v. Danaher Corporation, et al.*, Case No. 1:26-cv-00556 (D.D.C.) ("*Warren*").  Plaintiffs then filed this putative class action on March 16, 2026.  In their complaints, Plaintiffs in both cases made

---

[1] Defendants Pall Corporation, Beckman Coulter, Inc., Global Life Sciences Solutions USA LLC d/b/a Cytiva, and AB SCIEX LLC d/b/a SCIEX specially appear for purposes of opposing Plaintiffs' motion.  As argued in Defendants' motion to dismiss (Dkt. 10), these Defendants maintain that the Court lacks personal jurisdiction over them, and any limited litigation activity of these Defendants to date shall not be construed as a waiver, including this filing.

allegations concerning putative class claims and the factors for class certification under Fed. R.

Civ. P. 23. *See, e.g.,* Dkt. 1 at 20-26 (Compl. ¶¶ 107-30); Ex. A at 13-21 (Compl. ¶¶ 67-99).[2]

On May 29, 2026, Defendants in both cases filed motions to dismiss pursuant to Rules

12(b)(6) and 12(b)(2). *See* Dkt. 10 at 12; Ex. B at 14-15. Among other things, the Defendants in

*Warren* explained that the plaintiffs' class allegations in that case should be dismissed because

the plaintiffs had failed to move for class certification by the deadline of May 20, 2026, under

Local Rule 23.1(b). *See* Ex. B at 40-42, 51.

At a subsequent status conference regarding both cases, counsel for Plaintiffs conceded

that they "simply . . . neglected the rule." Ex. C at 3, 7. Plaintiffs then proceeded to file an

Amended Complaint on June 12, 2026, more than one week before it was due (*i.e.*, June 22,

2026). Dkt. 20.[3] Then, on June 15, 2026, Plaintiffs filed the instant extension motion.

## ARGUMENT

Local Rule 23.1(b) has an unequivocal deadline for filing for class certification:

> Within 90 days after the filing of a complaint in a case sought to be maintained as
> a class action, unless the Court in the exercise of its discretion has extended this
> period, the plaintiff shall move for a certification under Fed. R. Civ. P. 23(c)(1),
> that the case may be so maintained. In ruling upon the motion, the Court may
> allow the action to be so maintained, may deny the motion, or may order that a

---

[2] Plaintiffs here also noted *Warren* in their Notice of Related Case. *See* Dkt. 2. Defendants respectfully request that the Court take judicial notice of the attached *Warren* pleadings, as they are a matter of public record on another docket. *See U.S. v. Myers*, Case No. 18-cv-39 (CRC), 2022 WL 103177, at *4 n.3 (D.D.C. Jan. 11, 2022).

[3] Since Defendants filed a motion to dismiss under Rules 12(b)(6) and 12(b)(2) on May 29, 2026, Plaintiffs had 21 days to file their Amended Complaint as a matter of course, *i.e.*, until Friday, June 19, 2026. *See* Dkt. 10 at 12; Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than[,] . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)."). Because June 19, 2026, fell on a legal holiday, Juneteenth, the filing deadline was extended under the Federal Rules until Monday, June 22, 2026. *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

ruling be postponed pending discovery or other appropriate preliminary proceedings.

"Local Rule 23.1(b) and its predecessors have been strictly applied in this Circuit." *Harriott v. Wash. Metro. Area Transit Auth.*, Civil Action No. 19-1656 (TJK), 2019 WL 7066631, at *1 (D.D.C. Dec. 23, 2019). The D.C. Circuit Court has explained that "strict enforcement" of this early filing requirement is justified because the local rule "implements the policy of Rule 23(c)(1) of the Federal Rules of Civil Procedure, which states that the status of class actions should be determined quickly." *See Black Panther Party v. Smith*, 661 F.2d 1243, 1279 (D.C. Cir. 1981) (affirming district court's refusal to grant extension of time to move for class certification under local rules), *vacated*, *Smith v. Black Panther Party*, 458 U.S. 1118, 1118 (1982) ("The judgment is vacated and the case is remanded to the United States Court of Appeals for the District of Columbia Circuit with directions that it instruct the United States District Court for the District of Columbia to dismiss the complaint with prejudice."); *see also McCarthy v. Kleindienst*, 741 F.2d 1406, 1411-12 (D.C. Cir. 1984) (noting that predecessor local rule also implemented policy behind requirements of Fed. R. Civ. P. 23 that class certification decisions be made "as soon as practicable").

This 90-day deadline under Local Rule 23.1(b) runs from the filing of the first complaint that asserts class claims. *See Howard v. Gutierrez*, 503 F. Supp. 2d 392, 394 (D.D.C. 2007) ("[T]he Court now reaffirms that the ninety-day period in Local Rule 23.1(b) applies from the date of the filing of the first complaint to assert class claims."). Here, Plaintiffs filed this case on March 16, 2026. In their Complaint, Plaintiffs purported to state class claims. *See* Dkt. 1 at 20-26 (Compl. ¶¶ 107-30). Therefore, Plaintiffs were required to file a motion for class certification by June 15, 2026, per the rules. *See* LCvR 23.1(b); Fed. R. Civ. P. 6(a)(1)(C). But they did not.

Instead, Plaintiffs moved to extend their deadline to the close of discovery, which the Court has not set yet and is likely to be months, if not years, from the current deadline.

## I.      BASIC RULE 23 CLASS REQUIREMENTS DO NOT ESTABLISH GOOD CAUSE.

Plaintiffs assert in conclusory fashion that "there is good cause to extend the 90-day deadline" because a plaintiff "seeking class certification must affirmatively demonstrate his compliance with [Fed. R. Civ. P. 23]." *See* Dkt. 21-1 at 2-3.  Plaintiffs do not cite any authority standing for the proposition that this universal class certification requirement automatically establishes good cause to extend the deadline under Local Rule 23.1(b).  Indeed, if that were the case, it would render the local rule meaningless—**every** putative class action presents this exact same issue, such that **every** putative class action would present good cause for an extension as a result.

Here, Plaintiffs simply state in general terms that developing evidence for class certification "through written discovery and depositions requires substantial time and resources." *See id.* at 3.  However, Plaintiffs fail to articulate what exactly they lack that prevented them from moving for certification within 90 days of filing their Complaint as Local Rule 23.1(b) nevertheless requires.  Indeed, the local rule contemplates that discovery may be necessary.  Specifically, Local Rule 23.1(b) provides that in ruling on a motion for class certification, the court "may order that a ruling be postponed pending discovery or other appropriate preliminary proceedings."  In other words, Plaintiffs could have complied with the rule by arguing in their motion for class certification that certification is warranted but also that the Court should postpone its ruling to afford Plaintiffs the opportunity to pursue discovery to adequately

demonstrate their compliance with Fed. R. Civ. P. 23.[4]  But clearly, Plaintiffs did not even consider this option; they "simply . . . neglected the rule."  *See* Ex. C at 7.  Their ex post facto rationalization is unavailing.

To illustrate, the *Black Panther Party* D.C. Circuit Court discussed how the plaintiffs in that case "failed to offer any compelling reasons why the local rule should not be followed."  661 F.2d at 1279.  There, the plaintiffs argued that "(r)esearch into the facts which will determine the extent of the alleged class is extremely time-consuming and is still underway."  *Id*.  However, the court rejected this excuse and held that it "need not have precluded a timely motion for class certification" pursuant to the local rule since "[a]t least as a preliminary matter, the definition of the proposed class that was provided in the complaint would have been sufficient for purposes of a motion for class certification."  *See id*.  Similarly, Plaintiffs' desire here for unspecified discovery does not establish good cause for their request.[5]

---

[4] Consistent with the policy of the rules to determine the viability of a class claim early and quickly, Defendants would have shown in response to Plaintiffs' motion for class certification that the issues are plain enough from the pleadings to determine that this case is not appropriate for class relief and that no amount of discovery will change that.  *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim.").

[5] Just four days ago, Plaintiffs filed a Motion for Leave to File a Supplemental Memorandum in support of their motion.  Dkt. 26.  Defendants intend to oppose Plaintiffs' request for leave separately, but, suffice to say here, Plaintiffs' arguments in their supplemental memorandum do not move the needle.  Plaintiffs point to the Defendants' belief that the parties should meet and confer as to the scope and protocol for electronically-stored information ("ESI") in a related case.  *See* Dkt. 26-1 at 2.  Similar to the arguments in Plaintiffs' motion, however, ordinary discovery mechanisms such as meeting and conferring and ESI protocols do not establish good cause.  Nor do they show that Defendants will suffer no prejudice, as Plaintiffs contend.  *See id*. at 2-3.  Indeed, determining the viability of Plaintiffs' putative class claims early in accordance with the rules is likely to spare Defendants unnecessary burdens and expense in discovery.

## II.    THE TIMING OF PLAINTIFFS' MOTION DOES NOT ESTABLISH GOOD CAUSE.

Plaintiffs did not file their motion to extend their deadline to move for class certification until after the close of business on June 15, 2026, the same day that their motion for class certification was due.  Fed. R. Civ. P. 6(b)(1) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires."  Plaintiffs contend that there is good cause to extend their deadline.  Yet, "filing of a request for an extension on the final day of the time period does not . . . provide good cause for an extension of the deadline.  To the contrary, it is evidence of being remiss in one's duties."  *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 535 (N.D. Miss. 2015); *see also, e.g., Watts v. Club Madonna, Inc.*, 784 F. App'x 684, 688 (11th Cir. 2019) (holding that party "wait[ing] until after the close of business on the day its summary judgment response was due to ask for an extension" weighed "heavily against finding good cause" for extension).  This is underscored here by the fact that the root cause of Plaintiffs' delay in requesting an extension was that they "simply . . . neglected the rule."  *See* Ex. C at 7.

Worse, even after the Defendants in *Warren* alerted Plaintiffs' counsel of the deadline, Plaintiffs still waited more than two weeks to request an extension "until the proverbial eleventh hour," *i.e.*, the day their motion for class certification was due.  *See Rashid*, 306 F.R.D. at 535.  Instead of moving for an extension immediately upon learning of the deadline, Plaintiffs filed an Amended Complaint on June 12, 2026, even though Plaintiffs were not required to amend until June 22, 2026.  This timing is suspect, and suggests the Amended Complaint was timed to bolster Plaintiffs' unavailing argument that an amended complaint establishes good cause to waive the deadline.  The Court should not accept this invitation to circumvent the rules.  *See Bruce v. Cnty. of Rensselaer*, No. 02-CV-0847, 2003 WL 22436281, at *1, *3, *5 (affirming

6

magistrate judge's denial of plaintiffs' request for extension to file motion for class certification and ruling that "Plaintiffs' litigation strategy" did not constitute "good cause for an extension of time" and that plaintiffs did not show good cause when plaintiffs could have requested extension days before their deadline but instead waited until day their motion was due).

### III.    PLAINTIFFS' AMENDED COMPLAINT DOES NOT ESTABLISH GOOD CAUSE.

As discussed, Plaintiffs claim that they should be exempt from the 90-day deadline because they just recently filed an Amended Complaint, such that "the pleadings remain unsettled considering Defendants' likely challenge." *See* Dkt. 21-1 at 3. As Plaintiffs see it, "with the operative pleading having just been filed, it is neither practicable nor sensible to require Plaintiffs to brief class certification now." *Id*. at 2. Again, this argument is further evidence that Plaintiffs timed their Amended Complaint to escape their deadline once Defendants made them aware of it.

Plaintiffs contend this "is precisely the situation in which courts find good cause to extend the deadline," but, once again, Plaintiffs cite no cases supporting their position, and, once again, their position is clearly untenable. *See id.* at 4. Indeed, it makes no sense under the local rule. Local Rule 23.1(b) requires plaintiffs to file a motion within 90 days of filing the initial complaint in a case sought to be maintained as a class action, regardless of how "unsettled" the pleadings are likely to be at that point. As with Plaintiffs' first argument, if potential motions to dismiss or further amendments to the complaint were enough to justify an exception to the rule, then the exceptions would necessarily swallow the rule.

Plaintiffs' tactical decision to amend their Complaint as their newly discovered deadline to move for class certification approached—or the fact that Defendants may move to dismiss Plaintiffs' Amended Complaint—does not rescue Plaintiffs from the rule. Again, the *Black*

*Panther Party* D.C. Circuit Court's analysis is instructive.  There, the court took favorable note of *Coffin v. Sec'y of Health, Educ., and Welfare*, 400 F. Supp. 953 (D.D.C. 1975), in which the district court "rejected a claim that plaintiff should not be held to the 90-day limit because defendants had filed motions to dismiss, to dissolve the three-judge court, and to transfer the case, and the class action certification issue could not be resolved until those motions were decided."  *See Black Panther Party*, 661 F.2d at 1279.  The same analysis applies here. Regardless of Defendants' motion to dismiss or Plaintiffs' strategy to amend their Complaint, Plaintiffs still must comply with the deadlines under the local rules absent good cause for an extension, which Plaintiffs have not shown.

Rather, Plaintiffs merely disagree with the local rule, as indicated by their arguments that "[a]nchoring the certification deadline to the close of discovery—whenever the Court ultimately sets it—is therefore the only sensible and administrative measure" and that "[t]he far more efficient course—and the one Rule 23(c)(1)(A) contemplates—is to permit certification to be decided once the pleadings are settled and a discovery record exists."  *See* Dkt. 21-1 at 4.  Yet, the local rule (in the district where Plaintiffs chose to file suit) requires what it requires.  That Plaintiffs argue that the rule is not sensible is irrelevant.  It is not logical for Plaintiffs to argue in this District that a motion for class certification at this stage is inherently premature, when the rule was specifically designed to require an early resolution of potentially meritless class claims. Plaintiffs' gripe that the local rule is bad for their case does not establish good cause.

## CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' motion.

Dated:  June 29, 2026                        Respectfully submitted,

                                             SEYFARTH SHAW LLP


                                             By:  */s/ Christopher J. DeGroff*
                                             Christopher J. DeGroff, *admitted pro hac vice*
                                             IL Bar No. 6244447
                                             CDeGroff@seyfarth.com
                                             Michael D. Jacobsen, *admitted pro hac vice*
                                             IL Bar No. 6303584
                                             mjacobsen@seyfarth.com
                                             SEYFARTH SHAW LLP
                                             233 South Wacker Drive
                                             Chicago, Illinois  60606
                                             Telephone:    (312) 460-5000
                                             Facsimile:     (312) 460-7000

                                             Samantha L. Brooks, DC Bar 1033641
                                             sbrooks@seyfarth.com
                                             SEYFARTH SHAW LLP
                                             975 F. Street, N.W.
                                             Washington, DC  20004
                                             Telephone:    (202) 463-2400
                                             Facsimile:     (202) 828-5393


## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Extend the Deadline for Class Certification was filed by CM/ECF, this 29th day of June 2026, with electronic notification to all counsel of record.


                                             By:  */s/ Christopher J. DeGroff*
                                             Christopher J. DeGroff, *admitted pro hac vice*
                                             IL Bar No. 6244447
                                             CDeGroff@seyfarth.com
                                             SEYFARTH SHAW LLP
                                             233 South Wacker Drive
                                             Chicago, Illinois  60606
                                             Telephone:    (312) 460-5000
                                             Facsimile:     (312) 460-7000