**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MICHAEL NADEAU
140 Deer Run
Colchester, CT 06415
WAYNE GAGNE
49 Tenby Drive
Nashua, NH 03062
PATRICK FARRELL
20323 Pinecreek Ridge Lane
Klein, TX 77397
and all others similarly
situated,

     Plaintiffs,

vs.

                          **Case No.: 1:26-cv-00923-RDM**

DANAHER CORPORATION
2200 Pennsylvania Avenue NW Suite 800W
Washington, D.C. 20037
PALL CORPORATION,
25 Harbor Park Drive
Port Washington, NY 11050
BECKMAN COULTER, INC.
5350 Lakeview Parkway Drive South
Indianapolis, IN 46268
GLOBAL LIFE SCIENCES
SOLUTIONS USA LLC d/b/a CYTIVA
100 Results Way
Marlborough, MA 01752
AB SCIEX LLC d/b/a SCIEX
250 Forest Street
Marlborough, MA 01752

     Defendants.

_____

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE DEADLINE FOR CLASS CERTIFICATION**

1

Plaintiffs do not dispute that Local Civil Rule 23.1(b) imposes a meaningful 90-day deadline. That deadline, however, leaves this Court discretion to extend the filing period, and Plaintiffs invoked that discretion before the deadline expired. *See* LCvR 23.1(b). Plaintiffs seek only narrow, case-specific scheduling relief. Because Plaintiffs moved before the Local Civil Rule 23.1(b) deadline expired, Rule 6(b)(1)(A)'s good-cause standard for prospective relief governs. Plaintiffs do not contend that the June 12, 2026 Amended Complaint restarted Local Civil Rule 23.1(b)'s 90-day period, and Plaintiffs do not rely on the amendment as the basis for the requested extension; the request instead rests on the present practical posture of the case, including the absence of any scheduling order, the absence of discovery, and the lack of any developed Rule 23 record. Plaintiffs do not seek a categorical rule that discovery is required before certification in every case.

To remove any possible doubt about the scope of the requested relief, Plaintiffs clarify that they do not seek an open-ended extension through the close of all discovery. Plaintiffs instead request limited, case-specific relief: a date-certain class-certification deadline, set by the Court, that accounts for the need for focused class-certification discovery. Plaintiffs seek narrowed relief because no scheduling order has been entered, no discovery has opened, no certification calendar has been disrupted, and Defendants have identified no concrete prejudice. [Ex. A, Declaration of Marc Edelman ("Edelman Decl.") ¶¶ 5, 8, 10–12.] If the Court concludes that a different mechanism better serves Local Civil Rule 23.1(b), Plaintiffs respectfully request that the Court set that procedure, including, if appropriate, a protective certification filing followed by limited class-certification discovery and supplementation before the Court rules.

Defendants' position would require Plaintiffs to file a Rule 23 motion before they have had any meaningful opportunity to obtain the classwide information needed to support it. Edelman

Decl. ¶¶ 8, 13–20. The "good cause" standard under Rule 6(b)(1)(A) does not demand that. Instead, "where it is not 'practicable' to begin briefing on that motion within the 90-day deadline, it is likely that 'good cause' exists for that deadline's extension." *Perrow v. D.C.*, 435 F. Supp. 3d 9, 15 (D.D.C. 2020); *see* Fed. R. Civ. P. 6(b)(1)(A). Full Rule 23 certification briefing is not yet practicable on this record. Plaintiffs therefore do not seek to avoid Local Rule 23.1(b), but to comply with it in a practical way—through an extension that permits focused class-certification discovery and an evidence-based certification motion, rather than a placeholder filing unsupported by the record Rule 23 requires.

## ARGUMENT

### I.      Plaintiffs Rely on the Specific Circumstances of this Case, Not a Categorical Rule.

When plaintiffs believe they lack the information necessary to file a class-certification motion, the proper course is to seek an extension. *See Gerlich v. U.S. Dep't of Just.*, No. 08-1134 (JDB), 2010 WL 11595271, at *9 (D.D.C. Apr. 19, 2010) *aff'd sub nom. Gerlich v. U.S. Dep't of Just.*, 711 F.3d 161 (D.C. Cir. 2013) ("But if plaintiffs believed that they lacked the information to file their motion for class certification, the proper approach would have been to request an extension of time to file their motion."); *see also Richard v. Bell Atl. Corp., Inc.*, 976 F. Supp. 40, 51–52, n.19 (D.D.C. 1997) ("The defendants' suggestion that the plaintiffs should have filed their motion for class certification within 90 days and then requested that the Court stay a ruling on that motion until after pre-class certification discovery appears to countenance an extremely inefficient procedure."). That is what Plaintiffs did here. *See Sakyi v. Estee Lauder Cos., Inc.*, 298 F. Supp. 3d 16, 20 (D.D.C. 2018) ("The plaintiff's reasons for the delay, namely, the absence of discovery and the delayed responses from defendants' counsel . . . also favor granting an extension.").

Plaintiffs do not argue that Rule 23's evidentiary demands automatically justify extending Local Rule 23.1(b) in every class action. Plaintiffs do not contend that discovery is *always* required before a class-certification motion may be filed. However, for employment discrimination class actions, courts in this District have routinely adjusted class certification deadlines when discovery was necessary.[1] For instance, in *Pappas v. D.C.*, No. 1:19-cv-02800-RC, ECF No. 14 (D.D.C. Dec. 23, 2019), an employment case under the Americans with Disabilities Act, the Court allowed plaintiffs until the end of class discovery to move for class certification.[2] In *McReynolds v. Sodexho Marriott Services, Inc.*, Case No. 1:01-cv-00510-ESH, ECF No. 5 at 1 (D.D.C. Apr. 2, 2001), a Title VII race discrimination case, the Court allowed class-certification discovery after formal discovery commenced.[3] Additionally, in *Ross v. Lockheed Martin Corp.*, Case No. 1:16-cv-02508-KBJ, ECF No. 51 (D.D.C. Mar. 20, 2019), a Title VII and § 1981 class action, the Court permitted the plaintiff to proceed with class discovery rather than immediately filing a certification motion.[4] Plaintiffs cite these orders not to suggest an automatic rule, but to show that targeted certification discovery is a recognized case-management tool in employment class actions.

As the D.C. Circuit has noted, class certification is "far from automatic." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 249 (D.C. Cir. 2013). "Rule 23 does not set forth a mere pleading standard"; a movant "must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties,

---

[1] Plaintiffs respectfully request the Court take judicial notice of these docket and filings as they are a matter of public record. *U.S. v. Myers*, No. 18-CR-39 (CRC), 2022 WL 103177, at *4 n.3 (D.D.C. Jan. 11, 2022). *See also Rogers v. District of Columbia*, 880 F. Supp. 2d 163, 166 (D.D.C. 2012); *Thompson v. Linda & A., Inc.*, 779 F.Supp.2d 139, 144 n. 2 (D.D.C.2011); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir.2006)
[2] *Pappas v. D.C.*, No. 1:19-cv-02800-RC, ECF No. 14 (D.D.C. Dec. 23, 2019) attached as Exhibit B.
[3] *McReynolds v. Sodexho Marriott Services, Inc.*, Case No. 1:01-cv-00510-ESH, ECF No. 5 at 1 (D.D.C. Apr. 2, 2001) attached as Exhibit C.
[4] *Ross v. Lockheed Martin Corp.*, Case No. 1:16-cv-02508-KBJ, ECF No. 51 (D.D.C. Mar. 20, 2019) attached as Exhibit D.

common questions of law or fact, etc." *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). A brief extension is warranted so the motion can be tethered to an evidentiary record, as courts in this District routinely decline to certify classes based on undeveloped allegations. *See Smith v. Ergo Sols., LLC*, 306 F.R.D. 57, 67 (D.D.C. 2015) ("The Court finds that the plaintiffs' allegations are, at this stage, too vague to make the necessary showings."); *see Burton v. District of Columbia*, 277 F.R.D. 224, 230 (D.D.C. 2011) (recognizing that class certification could not be resolved on the pleadings alone and permitting discovery before certification was decided). That is why Plaintiffs seek an extension to prepare a certification submission supported by evidence, including policies, policy implementation, applicant data, and hiring data. Edelman Decl. ¶¶ 13–20.

Defendants' opposition is founded on broader policy implications beyond Plaintiffs' simple extension request. They argue that if Rule 23's evidentiary burden alone established good cause, the local rule would be "render[ed] meaningless" because "every putative class action would present good cause for an extension." [Dkt. 27 at 4]. But Plaintiffs have never claimed that Rule 23's burden automatically warrants an extension. The point is narrower and case-specific: given the present posture of this case and discovery required to move for class certification, it would not be practicable to require a fully supported certification motion within the original 90-day period. Edelman Decl. ¶¶ 5, 8, 13–21. That is not a categorical rule—it is the application of *Perrow* to this record. The local rule retains full force; it simply leaves room, by its own terms, for the Court's "discretion" to extend the period when the circumstances warrant. LCvR 23.1(b).

**II.    The Rule Gives the Court Flexible Case-Management Tools, and a Short Extension Is the Most Efficient One Here.**

Defendants' principal response is that Plaintiffs "could have complied" by moving now and asking the Court to "postpone [its] ruling pending discovery." [Dkt. 27 at 4] (quoting LCvR 23.1(b)). That argument misreads the rule and creates a fictitious distinction without a practical difference. Defendants are correct that Local Rule 23.1(b) permits a timely motion followed by deferred adjudication pending discovery. However, it also permits a more efficient request for an extension of the deadline. *See Gerlich,* 2010 WL 11595271, at *9 ("But if plaintiffs believed that they lacked the information to file their motion for class certification, the proper approach would have been to request an extension of time to file their motion."). The rule also expressly preserves the Court's discretion to extend the filing period, and Plaintiffs ask the Court to use that discretion in a limited way here by providing an extension for an evidence-based certification motion. Both mechanisms address the same practical problem: an insufficient record to support meaningful Rule 23 analysis. But where, as here, no scheduling order has been entered and no certification schedule has been disrupted, extending the filing deadline is the cleaner and more efficient course. It avoids unnecessary placeholder briefing, preserves judicial resources, and allows the parties and the Court to address certification on a developed record. Edelman Decl. ¶¶ 19–21. It also avoids forcing Defendants to oppose, and the Court to manage, a motion all parties know would require supplementation after discovery.

Plaintiffs recognize, however, that the Court may prefer a different case-management mechanism. Plaintiffs therefore do not ask the Court to adopt a specific procedure to the exclusion of all others. Plaintiffs respectfully submit that a short, date-certain extension is the most efficient course because it would allow the parties to develop the Rule 23 record before certification briefing begins. But if the Court concludes that Local Rule 23.1(b) is better served by a protective

certification filing followed by deferred adjudication, Plaintiffs request that the Court set that procedure and permit supplementation after limited class-certification discovery. The practical question is not whether Plaintiffs could file a placeholder motion. They could. The question is whether requiring one now would advance Rule 23 analysis more efficiently than allowing focused discovery first. On this record, it would not. Edelman Decl. ¶¶ 19–24.

To the extent Plaintiffs' opening Motion could be read to request an extension through the close of all discovery, Plaintiffs clarify that they seek narrower relief. Plaintiffs do not seek an open-ended extension or a delay lasting "months, if not years." Instead, Plaintiffs ask the Court to set a short, date-certain class-certification briefing schedule that is tied to a limited period of class-certification discovery. Edelman Decl. ¶¶ 10–12, 22–24. Plaintiffs leave the precise structure and deadline to the Court's discretion. In the alternative, if the Court prefers strict preservation of the Local Rule 23.1(b) filing mechanism, Plaintiffs request leave to file a protective class-certification motion on a schedule set by the Court, conduct limited class-certification discovery, and supplement that motion before the Court rules. Either approach preserves the purpose of Local Rule 23.1(b) while avoiding unsupported placeholder briefing.

The discovery Plaintiffs seek is limited and tied directly to Rule 23. Plaintiffs require information bearing on numerosity, including the number of applicants affected by the challenged policies and practices during the relevant period. Plaintiffs require discovery bearing on commonality and predominance, including written policies, uniform practices, communications, decision-making criteria, and centralized data reflecting how the challenged policies were applied across the putative class. Plaintiffs require discovery bearing on typicality and adequacy, including records showing whether the named Plaintiffs were subject to the same policies, practices, and decision-making structures as absent class members. Plaintiffs also require information relevant

to manageability, including the nature, structure, and availability of Defendants' applicant and hiring data, or other electronically stored records needed to assess whether common proof can be used. These are not generalized merits requests. They are targeted certification categories necessary to determine whether Rule 23 can be satisfied with evidence rather than speculation. Edelman Decl. ¶¶ 13–18, 22.

Those Rule 23-focused categories show why Plaintiffs' request respects, rather than disregards, the local rule. Plaintiffs are not seeking discovery because discovery is generally useful; they seek limited discovery because the Rule 23 issues in this case depend on classwide information held by Defendants. *See Burton*, 277 F.R.D. at 230 (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Often the pleadings alone will not resolve the question of class certification and some discovery will be warranted.")); *see also In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1086 (6th Cir. 1996).

Plaintiffs do not ask to avoid class-certification briefing indefinitely. They ask for a limited extension. That approach would preserve the rule's early-certification purpose while avoiding a certification motion without record evidence regarding numerosity, commonality, typicality, and other Rule 23 requirements. No scheduling order has been issued, no certification timetable exists, and there is no current certification hearing or deadline that would be disturbed. *See Cryer v. InterSolutions, Inc.*, No. 06-2032, 2007 WL 1191928, at *6 (D.D.C. Apr. 20, 2007) ("the Court still would have had to resolve defendants' motion to dismiss prior to setting any schedule for the filing of briefs on class certification.").

### III.    Plaintiffs Acted Diligently, and the Timing of the Motion Supports—Rather Than Defeats—Good Cause.

Defendants argue that filing on the day the deadline fell is "evidence of being remiss." [Dkt. 27 at 6–7] (citing *Rashid v. Delta State Univ.*, 306 F.R.D. 530 (N.D. Miss. 2015); *Watts v. Club Madonna, Inc.*, 784 F. App'x 684 (11th Cir. 2019)). Defendants are wrong to suggest that filing on the final day defeats good cause. Plaintiffs do not argue that same-day filing automatically satisfies Rule 6(b)(1)(A); they argue that they sought relief before the deadline expired, in a case with no scheduling order, no opened discovery, and no disrupted certification schedule.

Defendants' "neglect" argument overstates the record in this case. To the extent Defendants rely on counsel's reference to "neglect" in another matter,[5] that statement was made in a different case, on a different procedural record, and under a different posture. It does not establish neglect, bad faith, or tactical delay here. The relevant question in this case is whether Plaintiffs showed good cause for a prospective extension before the Local Civil Rule 23.1(b) deadline expired. They did. Counsel identified the deadline issue before expiration, evaluated whether a meaningful Rule 23 motion could be filed on the existing record, and sought relief before the deadline passed. Edelman Decl. ¶¶ 6, 8–9, 11.

The timing was not strategic. Plaintiffs filed when they did because, after identifying the deadline issue, counsel had to determine whether a certification motion could be meaningfully supported without classwide discovery. It could not. Plaintiffs therefore chose the candid course contemplated by Local Civil Rule 23.1(b) and Rule 6(b)(1)(A)—seeking a prospective extension

---

[5] Plaintiffs' counsel also represents plaintiffs in *Warren, et al. v. Danaher Corporation, et al.*, No. 1:26-cv-00556 (D.D.C.), an ADEA matter involving a different procedural posture. In *Warren*, plaintiffs filed a separate motion addressing excusable neglect in that case. Defendants' reliance on that separate filing does not establish neglect, bad faith, or tactical delay here, where Plaintiffs sought prospective relief before the Local Civil Rule 23.1(b) deadline expired.

before the deadline expired rather than filing a placeholder motion unsupported by evidence. Edelman Decl. ¶¶ 6, 8–12, 19–21.

Filing on the day the deadline expires does not end the good-cause inquiry in Defendants' favor. It matters that Plaintiffs sought relief before expiration because this is a Rule 6(b)(1)(A) request for prospective relief, not a Rule 6(b)(1)(B) request for post-default relief. Plaintiffs do not overclaim the point. Timeliness alone does not automatically establish good cause. But the timely posture, absence of prejudice, lack of any disrupted schedule, and need for limited class-certification discovery satisfy the good-cause standard here.

Plaintiffs are submitting with this Reply a declaration from counsel addressing the relevant chronology, including when counsel identified the Local Rule 23.1(b) issue, why Plaintiffs sought relief when they did, why the timing was not tactical, and why Plaintiffs have narrowed their request so that they do not seek open-ended delay. Edelman Decl. ¶¶ 6–12. That declaration confirms that Plaintiffs acted in good faith and that the requested relief is directed to obtaining a workable class-certification schedule, not avoiding Rule 23.1(b). Edelman Decl. ¶¶ 10–12, 23–24.

Defendants cite no case holding that a motion filed before the applicable deadline expires is, for that reason alone, evidence of a lack of diligence. Rule 6(b)(1)(A) expressly permits a court, for good cause, to extend a deadline when the request is made "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The relevant question is whether the present posture supplies good cause for a short extension. It does. *Rashid* and *Watts* are distinguishable out-of-circuit decisions applying an excusable-neglect analysis in the summary-judgment context. Neither construes LCvR 23.1(b) nor the practicability standard governing class-certification extensions in this District. The governing question here is practicability, not the calendar date on which a timely motion was filed. *Perrow*, 435 F. Supp. 3d at 15.

## IV.    Defendants Identify No Prejudice.

Importantly, Defendants identify no concrete prejudice from an extension. As Judge Moss recognized on materially similar facts, "the Court sees no reason—and Defendants have not offered one—why any uncertainty in the scope of the class in this matter has prejudiced Defendants." *Clark v. D.C.*, No. CV 23-1564 (RDM), 2024 WL 3181440, at *19 (D.D.C. June 26, 2024). The same is true here.

Defendants have not identified any case-specific prejudice from a short, structured extension. In fact, no resources have been allocated for a placeholder motion; there is no existing scheduling order to modify; no class-certification hearing to continue; and no merits or certification discovery deadlines to disturb. A limited extension enables the parties to develop the Rule 23 record in an orderly manner before certification is briefed. That is not prejudice; it is case management.

A limited extension does not prejudice Defendants by imposing unnecessary classwide discovery. Plaintiffs seek discovery targeted to Rule 23 issues: the size of the putative class, the uniformity of the challenged policies and practices, the records relevant to common proof, and the manageability of adjudicating the claims on a classwide basis. That discovery will be necessary regardless of whether Plaintiffs file a placeholder motion now or an evidence-based motion after limited class discovery. A limited extension therefore does not expand the case; it simply sequences certification briefing in a way that permits meaningful judicial review.

## V.    Defendants' Authorities Are Distinguishable.

11

Defendants' principal authorities establish that Local Rule 23.1(b) is a real filing requirement, and Plaintiffs do not contend otherwise. But those cases are factually different. In *Black Panther Party v. Smith*, 661 F.2d 1243 (D.C. Cir. 1981), the request for relief came after the deadline had expired and rested on generalized ongoing factual research. Additionally, the D.C. Circuit noted that the preliminary class definition in the complaint, which covered "all individuals who had been or continued to be members of the Party, and all individuals who had provided political or financial assistance to the Party," would have sufficed to support a timely motion. *Id.* at 1247. Here, the definitions of the putative classes are significantly more complex and Plaintiffs sought relief before the deadline expired.

Defendants overread *Black Panther*. The problem here is not defining a class in the abstract. The problem is supplying the evidentiary showing Rule 23 requires for numerosity, commonality, typicality, predominance, and manageability, using information that is exclusively in Defendants' possession. Nor is this a case in which the pleadings alone permit a meaningful Rule 23 determination, because the certification issues here turn on classwide information in Defendants' possession—including applicant counts, hiring data, uniform policies and decision-making criteria, and the structure and accessibility of centralized records—so limited pre-certification discovery is necessary to allow the Court to evaluate certification on evidence rather than allegations alone. A bare motion repeating the class allegations in the complaint would not provide the Court with evidence of putative class size, common policies or practices, common proof, typicality, or manageability.

Defendants' reliance on out-of-circuit authority such as *Bruce v. County of Rensselaer*, No. 02–CV–0847, 2003 WL 22436281 (N.D.N.Y. Oct. 20, 2003), is also unpersuasive, because that case involved a party's use of the extension process as a litigation tactic—not a timely request for

narrow scheduling relief in a case with no existing certification schedule. Plaintiffs do not contend that litigation strategy supplies good cause; their position is far simpler and record-based: with no scheduling order and no discovery, there is nothing yet to certify in a meaningful, evidence-based way.

## **CONCLUSION**

The controlling question is practicability, and on this record the answer is straightforward: with no scheduling order, no discovery, no certification calendar, and no classwide information produced, it is not practicable to brief a meaningful Rule 23 motion now. Plaintiffs sought relief before the Local Civil Rule 23.1(b) deadline expired, so this Motion is governed by Rule 6(b)(1)(A)'s good-cause standard for prospective relief. Plaintiffs seek only narrow, case-specific scheduling relief.

Plaintiffs therefore respectfully request that the Court grant Plaintiffs' Motion and enter a limited, date-certain class-certification schedule, as the Court deems appropriate, that permits focused class-certification discovery before Plaintiffs' certification motion is due. In the alternative, if the Court prefers a staged certification process, Plaintiffs respectfully request leave to file a prompt protective class-certification motion, on a schedule set by the Court, to conduct limited class-certification discovery, and to supplement that motion before the Court rules.

Respectfully submitted by,
*/s/ George G. Triantis*
GEORGE G. TRIANTIS, ESQ.
D.C. Bar No.: 1671995
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-577-4761
Facsimile: 813-559-4870
Gtriantis@forthepeople.com

13

Marc R. Edelman, Esq.
(*Admitted Pro Hac Vice*)
Florida Bar No.: 0096342
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-577-4722
Facsimile: 813-257-0572
medelman@forthepeople.com

Sophia L. Walker
(*Admitted Pro Hac Vice*)
Florida Bar No.: 1068754
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-424-5603
Facsimile: 813-329-6944
sophia.walker@forthepeople.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF system which will send an electronic notification to all counsel of record.

*/s/ George G. Triantis*
George G. Triantis, Esq.

14