**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **MICHAEL NADEAU,**<br>**WAYNE GAGNE,**<br>**PATRICK FARRELL,**<br>**and all other similarly**<br>**situated** | ) ) ) ) ) ) ) ) |  |
| **Plaintiffs,** | ) ) | **CASE NO.: 1:26-cv-00923-RDM** |
| **vs.** | ) ) |  |
| **DANAHER CORPORATION,**<br>**PALL CORPORATION,**<br>**BECKMAN COULTER, INC.,**<br>**GLOBAL LIFE SCIENCES**<br>**SOLUTIONS USA LLC d/b/a CYTIVA, and**<br>**AB SCIEX LLC d/b/a SCIEX** | ) ) ) ) ) ) |  |
| **Defendants.** | ) ) ) ) ) |  |

**DEFENDANTS' MEMORANDUM OF POINTS**
**AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS'**
**MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM**

The Court should deny Plaintiffs' motion for leave because Plaintiffs offer no basis warranting a supplemental memorandum in support of their motion to extend the deadline for class certification.[1]

Plaintiffs filed their motion for an extension on June 15, 2026.  Dkt. 21.  Plaintiffs then filed this motion for leave on June 25, 2026, ten days later and just four days before Defendants' deadline to respond to Plaintiffs' motion for an extension on June 29, 2026.  Dkt. 26.  Plaintiffs ask the Court to give them another bite at the apple and grant leave for them to file a supplemental memorandum to address purported "new and material facts [that] arose in a closely related case, *Critelli, et al. v. Danaher Corporation, et al.*, No. 6:25-cv-01780-AMG-LHP (M.D. Fla.)" ("*Critelli*"), "[a]fter" Plaintiffs filed their motion for an extension.  *See id*. at 1-2.  Yet these supposedly "new and material facts" did not arise "after" Plaintiffs filed their motion for an extension.  Rather, Plaintiffs had the opportunity to address these issues in their motion for an extension.  Plaintiffs have not provided any authority to support that they are entitled to supplement their motion for an extension with information and arguments that were available to them when they filed it.  Moreover, Plaintiffs' "supplemental" arguments add nothing meaningful to their motion for an extension.

Plaintiffs' motion for leave should be denied, including for the following five reasons.

*First*, Plaintiffs do not cite any authority to support their motion for leave.  Local Rule 7(a) provides that "[e]ach motion shall include or be accompanied by a statement of the specific

---

[1] Defendants Pall Corporation, Beckman Coulter, Inc., Global Life Sciences Solutions USA LLC d/b/a Cytiva, and AB SCIEX LLC d/b/a SCIEX specially appear for purposes of opposing Plaintiffs' motion.  As argued in Defendants' motion to dismiss (*see* Dkt. 10 at 8-9, 18-20), these Defendants maintain that the Court lacks personal jurisdiction over them, and any limited litigation activity of these Defendants to date shall not be construed as a waiver, including this filing.

points of law and authority that support the motion."  Plaintiffs cite nothing establishing that they are entitled to leave to file a "supplemental memorandum" in support of their motion for an extension before Defendants had even responded, either under the local rules or the Federal Rules of Civil Procedure.

*Second*, Plaintiffs' claim that "*[a]fter*" Plaintiffs filed their motion for an extension, "new and material facts arose in" *Critelli*, is not accurate.  Dkt. 26 at 1-2 (emphasis added).  In particular, Plaintiffs note that Defendants in *Critelli* "requested an extended discovery period and an ESI meet-and-confer."  *Id*.  However, Defendants' request *was in Plaintiffs' counsel's possession before Plaintiffs filed their motion for an extension*.  Specifically, counsel for Defendants e-mailed Plaintiffs' counsel with their request on June 15, 2026, at 2:55 p.m.  *See* Ex. A at 3 (Jacobsen Decl. ¶ 4); Ex. B at 2.  Plaintiffs' counsel responded with Plaintiffs' agreement that same day at 6:38 p.m.  *See* Ex. A at 3 (Jacobsen Decl. ¶ 5); Ex. C at 2.  Plaintiffs then filed their motion for an extension later that day.[2]  Accordingly, Plaintiffs' claim that new and material facts arose after Plaintiffs filed their motion for an extension rings hollow.  *See Neville v. Burrows*, Civil Action No.: 22-3246 (RC), 2024 WL 578986, at *6 (D.D.C. Feb. 13, 2024) (denying plaintiffs' motion for leave to file supplemental memorandum because plaintiffs did not show that alleged evidence was newly discovered).

*Third*, Plaintiffs' assertion that "Defendants' insistence on an extended, ESI intensive schedule" in *Critelli* "is a concession that claims of this nature require far more than 90 days to develop" mischaracterizes Defendants' position that the parties should meaningfully confer as to discovery—assuming the parties are actually in discovery.  *See* Dkt. 26-1 at 2.  Indeed, far from

---

[2] Defense counsel replied the next day, but simply to thank Plaintiffs' counsel and note next steps, and Plaintiffs' counsel did not communicate further on this topic before filing the instant motion for leave.  *See* Ex. A (Jacobsen Decl. ¶¶ 6-7); Ex. D at 2.

admitting that Plaintiffs' class claims cannot be resolved short of "intensive" discovery, Defendants in *Critelli* argued that the issues are plain enough from the pleadings to address the matter of class certification early. *See id.*; Ex. E at 17-18.[3]  Accordingly, Defendants in *Critelli* also filed a motion to stay discovery pending resolution of these and other pleading issues. *See* Ex. F.  And if the district where *Critelli* is pending had a local rule like Local Rule 23.1(b), Defendants certainly would have held the *Critelli* plaintiffs to it.  In sum, Defendants' "conduct" in *Critelli* in no way supports Plaintiffs' motion for an extension.

*Fourth*, while Plaintiffs argue in their supplemental memorandum that Defendants will suffer no prejudice from the extension, Plaintiffs did not so much as utter the word "prejudice" in their opening brief.  Dkt. 26-1 at 2-3; *see generally* Dkt. 21-1.  In their attempt to slip it in through their supplemental memorandum, Plaintiffs imply that they could not have made this argument until the above-referenced developments in *Critelli* transpired.  *See* Dkt. 26 at 2.  This is telling; Plaintiffs' exclusive reliance on developments in another case to argue a lack of prejudice in this case demonstrates that there is no basis for Plaintiffs' argument here. Otherwise, aside from the fact that their argument lacks merit, there should have been nothing preventing Plaintiffs from arguing a lack of prejudice in their motion for an extension.  But they either chose not to or neglected to do so. *See Pao Tatneft v. Ukraine*, Civil Action No. 17-582 (CKK), 2020 WL 2476034, at *3 (D.D.C. May 13, 2020) (denying defendant's "request for additional briefing to add a third defense, of which it has been aware for years prior to the filing of [plaintiff's] Petition" and noting that defendant did "not provide any reason for its failure to raise this proposed third defense in a timely manner").

---

[3] Defendants respectfully request that the Court take judicial notice of the attached *Critelli* pleadings, as they are a matter of public record on another court's docket. *See U.S. v. Myers*, Case No. 18-cr-39 (CRC), 2022 WL 103177, at *4 n.3 (D.D.C. Jan. 11, 2022).

*Fifth*, while Plaintiffs claim in their section heading that "Defendants Will Suffer No Prejudice from the Extension," the content that follows does not support this assertion.  *See* Dkt. 26-1 at 2-3.  Plaintiffs begin with the following:

> The absence of prejudice further confirms that good cause exists, and Defendants' own conduct proves it: additional time and a structured e-discovery process were reasonable and necessary in *Critelli*, and they are no less so here.

*Id*. at 3.  This sentence simply fails to articulate how an extension would not prejudice Defendants.  To the extent Plaintiffs suggest that an extension would afford Defendants more time to address Plaintiffs' discovery requests, Plaintiffs miss the point.  Consistent with their position in *Critelli*, Defendants confirm here that they will be unduly burdened by having to participate in class discovery at all when it is clear at the outset that Plaintiffs' claims lack merit—and all the more prejudiced if that issue is not resolved until the very end of what Plaintiffs apparently foresee as an "extended, ESI-intensive" discovery schedule.  *See id.* at 2.

Past that first sentence, Plaintiffs largely rehash arguments previously made in their opening brief.  *Compare, e.g., id.* at 3 ("Requiring Plaintiffs to brief class certification now would force them to prove the Rule 23 elements, numerosity, adequacy, commonality, and typicality, with no factual record and against a moving target as to which claims survive, wasting the Court's and the parties' resources should the class allegations be narrowed or reshaped.") *and id.* ("The far more efficient course is to permit certification to be decided once the pleadings are settled and a discovery record exists—a course that prejudices no one and merely allows both sides the meaningful opportunity to develop the record that Defendants themselves recognized was necessary in *Critelli*.") *with* Dkt. 21-1 at 4 ("Requiring Plaintiffs to brief class certification under these circumstances would force them to prove the Rule 23 elements—numerosity, adequacy, commonality, and typicality—with no factual record and against a moving target as to which claims survive. . . .  Forcing class-certification briefing forward now would also waste the

4

Court's and the parties' resources: should the class allegations be narrowed or reshaped.") *and id*. ("The far more efficient course—and the one Rule 23(c)(1)(A) contemplates—is to permit certification to be decided once the pleadings are settled and a discovery record exists."); *see Frederick Cnty. Fruit Growers Ass'n Inc. v. Dole*, 758 F. Supp. 17, 22 n.5 (D.D.C. 1991) (denying plaintiffs' motion for leave to file supplemental memorandum because it made same arguments plaintiffs had made before).  Although Plaintiffs have sprinkled in a few conclusory assertions regarding prejudice, these arguments are not relevant to the issue of whether Defendants are prejudiced.[4]

## **CONCLUSION**

For all of the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' motion.

---

[4] Indeed, Plaintiffs actually seem to be focused on whether *they* will be prejudiced if their requested extension is not granted.

Dated:  July 9, 2026                              Respectfully submitted,

                                                  SEYFARTH SHAW LLP


                                                  By:  */s/ Christopher J. DeGroff*
                                                  Christopher J. DeGroff, *admitted pro hac vice*
                                                  IL Bar No. 6244447
                                                  CDeGroff@seyfarth.com
                                                  Michael D. Jacobsen, *admitted pro hac vice*
                                                  IL Bar No. 6303584
                                                  mjacobsen@seyfarth.com
                                                  SEYFARTH SHAW LLP
                                                  233 South Wacker Drive
                                                  Chicago, Illinois  60606
                                                  Telephone:     (312) 460-5000
                                                  Facsimile:     (312) 460-7000

                                                  Samantha L. Brooks, DC Bar 1033641
                                                  sbrooks@seyfarth.com
                                                  SEYFARTH SHAW LLP
                                                  975 F. Street, N.W.
                                                  Washington, DC  20004
                                                  Telephone:     (202) 463-2400
                                                  Facsimile:     (202) 828-5393

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Leave to File a Supplemental Memorandum was filed by CM/ECF, this 9th day of July 2026, with electronic notification to all counsel of record.


                                                  By:  */s/ Christopher J. DeGroff*
                                                  Christopher J. DeGroff, *admitted pro hac vice*
                                                  IL Bar No. 6244447
                                                  CDeGroff@seyfarth.com
                                                  SEYFARTH SHAW LLP
                                                  233 South Wacker Drive
                                                  Chicago, Illinois  60606
                                                  Telephone:     (312) 460-5000
                                                  Facsimile:     (312) 460-7000

6